UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case. No. 3-15-CR-00369-JO |
| | ) | |
| v. | ) | |
| | ) | |
| RAUL DAVID ALVARADO, FIDEL | ) | OPINION AND ORDER |
| VILLAFANA-BELTRAN and | ) | |
| RAECHEL AMIS, | ) | |
| | ) | |
| Defendants. | ) | |

Jones, J.

Defendants Alvarado and Amis filed motions to continue the trial date, currently scheduled for July 12, 2016. (# 59 and 61). Defendant Villafana-Beltran opposes having his trial date set-over. However, on June 27, 2016, his attorney filed a motion to suppress, automatically tolling Villafana-Beltran's speedy trial rights. (# 67). Also on June 27, 2016, I held a status conference to discuss the upcoming trial date. During the status conference, Villafana-Beltran stated that if the motion to suppress affected the trial date, he did not want the motion filed. After hearing from all the parties, I took the motions to continue under advisement and now issue this opinion and order. I find:

(1) This case involves three defendants, voluminous discovery including over 4000

    documents, and video and electronic evidence. The government indicated it would call at

least 12 witnesses in its case-in-chief. For those reasons, I am designating this a complex case.

(2) Both Alvarado's and Amis's counsel were appointed recently (June 6, 2016 and April 14, 2016, respectively) and requested continuations of their trial dates so their counsel could adequately prepare for trial. Villafana-Beltran's counsel was appointed on January 25, 2016 after Villafana-Beltran requested substitution of counsel.

(3) The present trial date of July 12 does not allow the Government's attorney or all the defendants' attorneys to prepare adequately for trial, although the court is available on that date.

(4) Villafana-Beltran's liberty is not at stake. Regardless of the outcome of this case, he will remain in custody until at least October 6, 2016, at which time he will be sentenced in case number 3:15-CR-00282-JO for illegal reentry. A set-over of the trial date to October 4, 2016 would not prejudice Villafana-Beltran.

(5) Currently, Villafana-Beltran's motion to suppress has not been withdrawn. Counsel for the Government will have 28 days in which to file a response, a date that would occur after the current trial date.

(6) The judicial economy that results from trying all the co-conspirators at the same time serves the ends of justice. 18 U.S.C. § 3161(h)(7)(A).

It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants. *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999). See also *United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010). Given the complexity of the case, I find not granting the motions would deny counsel for the defendants and the Government the reasonable time necessary for effective preparation of the case. 18 U.S.C. § 3161 (h)(7)(B)(iv).

Thus, Alvarado's and Amis's motions to continue (# 59 and 61) are GRANTED. The trial date in this case will now be October 4, 2016.[1] The Government shall have 28 days from the date of this order to file a response to the Villafana-Beltran's motion to suppress (# 67). A reply, if any, shall be due 7 days after the Government files its response.


IT IS SO ORDERED this  24ᵗʰ day of June, 2016.


_____
Robert E. Jones, District Court Judge

---

[1] Mr. Warren, counsel for Alvarado, indicated he has a conflict in October that would prohibit him from trying the case. Because he has only represented Alvarado for 3 weeks, perhaps Mr. Warren should request substitute counsel who would be available in October.