IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:15-cr-00369-JO-1 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| RAUL DAVID ALVARADO | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Raul David Alvarado (Alvarado) filed a *pro se* motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction. ECF No. 300. Following the appointment of defense counsel, Alvarado filed an amended motion to vacate or correct his federal conviction. ECF No. 337. In his motion, Alvarado claims that he received ineffective assistance of counsel and asks the Court to vacate the judgment and resentence him. Upon review of the record, I conclude Alvarado's claims for relief lack merit. For the reasons set forth below, Alvarado's §2255 motions (ECF Nos. 300, 337) are denied. The Court declines to issue a certificate of appealability because petitioner has not made a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. §2253 (c)(2).

1  Opinion and Order

## BACKGROUND

In 2015, a federal grand jury indicted Alvarado for conspiracy to distribute controlled substances, in violation of 21 U.S.C.§§841(a)(1), (b)(1)(A), and (b)(1)(C) and 21 U.S.C. §846.[1] ECF No. 1. Kendra Matthews (Matthews) was appointed to represent Alvarado on December 30, 2015. On February 19, 2016, Matthews wrote a 12-page letter to him in which she discussed a variety of topics including her office's staffing of the case, the specifics of the charges for which Alvarado was indicted, the potential sentences Alvarado was facing, the possible outcomes of going to trial, and the advantages and disadvantages of pleading guilty should the government extend a plea offer. Ex. by Raul David Alvarado regarding Am. Mot.to Vacate or Correct Sentence under 28 U.S.C. 2255, ECF No. 339, Ex. 2. On April 6, 2016, the government extended a plea offer to Alvarado, which was rejected. *Id*. at Ex. 4.

On May 20, 2016, the Court granted Matthews's motion to withdraw as Alvarado's attorney. Ernest Warren (Warren) replaced Matthews and filed pre-trial motions, including a motion to sever (ECF No. 74), a motion for a bill of particulars (ECF No 81), and motions to suppress. ECF Nos. 90, 91, and 92. During Warren's representation of Alvarado, the government presented Alvarado with a "reverse proffer" in which the government provided Alvarado a 26-slide PowerPoint presentation that summarized the evidence against him. ECF No. 339, Ex. 5. The final slide compared Alvarado's sentencing exposure via plea (under 200 months) to his post-trial exposure (360 months to life.) *Id*.

On November 1, 2016, Warren filed a motion to withdraw as attorney, which was granted following a hearing, and Thomas Coan (Coan) replaced Warren as Alvarado's attorney. In July

---

[1] In 2016, the grand jury issued a superseding indictment adding another defendant but maintaining the same conspiracy offense. (ECF No. 36).

2  Opinion and Order

2017, the case went to trial and a jury found Alvarado guilty of conspiracy to distribute controlled substances of more than 1000 grams of heroin and 500 grams of methamphetamine. ECF No. 216. The Court sentenced Alvarado to 300 months in prison. ECF No. 262. The Ninth Circuit affirmed Alvarado's conviction. ECF No. 299. He then filed the petition at issue here.

## LEGAL STANDARD

### I. Motions Under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). To prevail on a motion under § 2255, a defendant must show that an error of constitutional magnitude occurred and that the error had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

### II. Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). If the defendant fails to show either incompetent performance or prejudice, the court "must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

There is a strong presumption that counsel's conduct is reasonable. *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). "Review of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986).

To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (quoting *Strickland,* 466 U.S. at 693).

## DISCUSSION

In his petition, Alvarado claims he received ineffective assistance of counsel from Matthews and Coan.[2] Alvarado asserts that both Matthews and Coan failed to use adequate professional skill to convince him to accept a plea offer from the government. Specifically, Alvarado asserts that the letter he received from Matthews and unrecorded communications with her, provided a "significant understatement of the practical peril of defendant's pretrial posture." Mem. of Law in Supp. of Def.'s Am. Mot. to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 338 at 5. Alvarado also contends that Coan, having reviewed the government's reverse proffer made during Warren's representation, failed to "claw back" the plea agreement opportunity offered in the reverse proffer. Instead, Alvarado went to trial and received a 300-month sentence; a much harsher sentence than the one provided in the plea offer. Alvarado argues that Matthews's and Coan's performances were unreasonable under the prevailing professional standards. Further, Alvarado compares the 120-month sentence his

---

[2] Warren's representation is not at issue in this case.

4   Opinion and Order

co-conspirator received following a guilty plea as evidence of the prejudice Alvarado suffered as a result of his counsels' ineffective assistance.

## I. Matthews's Representation.

Matthews served as Alvarado's lawyer from December 30, 2015 until May 20, 2016. Alvarado focuses on the February 19, 2016 letter he received from Matthews. He contends the letter proves Matthews's deficient professional representation because in it, she did not counsel him regarding the benefits of early resolution of his case or that plea offers become less favorable over time. He also argues that she never conveyed how dire Alvarado's situation was or recommended that Alvarado accept the government's plea offer.

Matthews wrote the letter to Alvarado less than 45 days into her representation of him and prior to any formal plea offer from the government. The tenor of the letter reflected the newness of the relationship. In the letter, Matthews presented her experience as a criminal defense attorney and explained that very few criminal defense attorneys have experience trying complex drug cases because most defendants decide "that the only rational choice is to enter a guilty plea in order to cap their exposure. It is the defendant, not the lawyer, who decides whether to go to trial." ECF No. 339, Ex. 2. She introduced Alvarado to her investigator who would be going to meet Alvarado in prison to review the discovery. "I am asking him to set-up meetings as frequently as his schedule permits until you get everything reviewed." *Id.* at 2. She laid out the charges against Alvarado. *Id.* at 3. She explained how maximum and mandatory minimum sentencings work. *Id.* at 4-5. She discussed offense levels and how they are driven by the amount of drugs that the government proves a defendant possessed. *Id.* at 6-7. She estimated Alvarado's criminal history category. *Id.* at 8. Finally, she combined Alvarado's potential offense levels with his estimated criminal history in a graph to illustrate the possible sentencing

5  Opinion and Order

ranges he would be facing. *Id.* at 9. The last entry in the graph showed the likely sentencing range of 151-188 months, should Alvarado plead guilty. *Id.* She then explained that "[t]he last entry . . . is one that—as we discussed—the prosecutor indicated that the government *would consider extending* if we advised her before the April trial date . . . that you wanted to enter a guilty plea." *Id*. at 9 (emphasis supplied.) Matthews then set out the relative benefits and drawbacks of entering a guilty plea, while acknowledging that her "understanding is that, at this point, you do not want to pursue [a plea deal]. *Id.* at 10. The preliminary nature of Matthews's representation was evident when she stated: "We have had a chance to review some of [the discovery]. You will be able to review more of it with [the investigator] in the coming weeks." *Id.* at 11.

Matthews's letter is a thorough and thoughtful correspondence with her client at the beginning stages of her representation. The letter shows that while some initial communication between the government and Matthews as to a plea bargain had occurred, no formal offer had been made. The letter also makes clear that neither Matthews nor Alvarado had fully reviewed the discovery. For Matthews to have forcefully advocated for Alvarado to plead guilty at this stage of her representation of him would have been premature and unreasonable. Alvarado has not shown that Matthews's representation was incompetent or unreasonable under the prevailing professional standards. *Strickland v. Washington*, 466 U.S. 668, 694-95 (1984).

**II. Coan's Representation**

In its response to Alvarado's motion, the government provided an affidavit from Coan. ECF No. 341-1. In his affidavit, Coan states that he understood early on that the case against Alvarado was very strong, that winning at trial was "highly unlikely" and "that it would be in [Alvarado's] interests to resolve the case with a plea bargain." *Id.* at 2. He stated:

6   Opinion and Order

> Based on my review of the indictment, the discovery and information from Mr. Alvarado's prior lawyers, including several admissions by Mr. Alvarado in his post-arrest interview, I knew he faced the possibility of a very significant prison sentence in this case if he was convicted, and I knew the possibility of a conviction was extremely high

*Id.* at 2-3.

Mr. Coan met with Alvarado several times prior to trial. In March 2017, at their sixth meeting, Coan reviewed the reverse proffer and discussed the likelihood that Alvarado would face a 360-month to life sentence if he went to trial and lost. Following the meeting, Coan sent Alvarado a letter in which he advised:

> There is an overwhelming amount of evidence against you . . . [and] a conviction is highly likely. In my opinion, I believe it would be in your best interest to try to negotiate a global resolution . . . . You acknowledged the challenges we have in your case . . . but told me that you want to proceed to trial. This is your choice. Even though it is against my advice, it is your right to go to trial and your choice to do so.

*Id.* at 4.

More than one month after their meeting, Alvarado authorized Coan to tell the government he would accept a global settlement[3] for a 151-month prison term. The government rejected the offer but extended a new offer that included a sentencing range of 188-240 months. Again, Coan advised Alvarado to accept the offer. Coan wrote to Alvarado that "the evidence in this case is overwhelming," that it was "highly, highly unlikely we will prevail at trial," and "Raul, it is your choice, but I need to make clear that my advice is to swallow your pride and take the deal." ECF No. 341-1 at 5-6. Ultimately, Alvarado did not accept a deal and proceeded to trial.

---

[3] In addition to the drug charges in this case, Alvarado had potential exposure to charges in the Western District of Washington for unlawful possession of firearms. ECF No. 341-1 at 3.

7   Opinion and Order

The Court finds that Coan's representation was reasonable under prevailing professional standards. *Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). Coan reviewed the evidence against Alvarado, observed the perils of proceeding to trial, repeatedly counseled Alvarado to seek a plea bargain, and vigorously advised that proceeding to trial was the wrong choice. Had Alvarado accepted Coan's professional advice, he would not be in the position he now finds himself.

## **CONCLUSION**

Because Alvarado failed to show that either Matthews or Coan provided incompetent performance the Court denies the claim. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002). Construing the § 2255 motions in a manner most favorable to Alvarado and concluding his claim for relief lacks merit and support, the motions are DENIED. ECF Nos. 300 and 337. Pending motions, if any, are DENIED AS MOOT.

The Court declines to issue a Certificate of Appealability because Alvarado has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED

DATED this 29th day of April, 2022.

      /s/ Robert E. Jones
Robert E. Jones, Senior Judge
United States District Court